UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
:
OPERA SOLUTIONS, LLC,                                         :
:
**Plaintiff,**                         :
:  13 Civ. 1301 (ALC)(KNF)
-against-                                                     :
:
:
:  **MEMORANDUM AND**
SCHWAN'S HOME SERVICE, INC.,                                  :  **OPINION**
:
**Defendant.**                         :
:
------------------------------------------------------------- X

**ANDREW L. CARTER, JR., District Judge:**

      Plaintiff Opera Solutions, LLC ("Opera") brings this action for monetary damages, injunctive relief, declaratory relief, and costs against defendant Schwan's Home Service, Inc. ("Schwan's"). This litigation, commenced on February 26, 2013, arises out of an amended contractual relationship entered into by the parties, and certain actions allegedly taken and not taken by the parties pursuant thereto. The suit alleges breaches of contract and the implied covenant of good faith and fair dealing. In the alternative, the Complaint asserts the equitable claims of unjust enrichment, promissory estoppel, and *quantum meruit*. This Opinion resolves Schwan's Motion to Transfer, which alternatively is a Motion to Dismiss.[1]

      The Court holds that transfer is appropriate pursuant to 28 U.S.C. § 1404(a) upon due consideration of the convenience of the parties and the interest of justice. Because the Court holds that transfer to the U.S. District Court for the District of Delaware is appropriate, the Court declines to adjudicate Schwan's alternative Motion to Dismiss Counts II through VI of the

---

[1] For convenience, this document is cited as "Mot. Dismiss."

1

Complaint.[2] Accordingly, for the reasons elaborated herein, the Motion to Transfer is GRANTED and the Motion to Dismiss is DENIED without prejudice.

## BACKGROUND

The parties entered into a Consulting Service and Licensing Agreement dated January 22, 2009 (the "Licensing Agreement"). Compl. ¶ 1. The agreement states, in pertinent part:

> This agreement shall be governed by and construed in accordance with the laws of the State of Delaware, without regard to the principles of conflicts of laws. Each party hereby submits itself for the sole purpose of this Agreement and any controversy arising hereunder to the jurisdiction of the federal or state courts located in the State of Delaware, and any courts of appeal therefrom, and waives any objection (on the grounds of lack of jurisdiction, or *forum non conveniens* or otherwise) to the exercise of such jurisdiction over it by any such courts.

Griffin Decl. Ex. A, at Section 10.5 ("Governing Law"). Opera's Complaint alleges legal and equitable claims arising under the Licensing Agreement, as amended by Amendment No. 1 to Consulting Services and Licensing Agreement (the "Amendment"), dated September 1, 2010. *See* Compl. ¶ 1; *id.* ¶¶ 45-73.

## STANDARD OF REVIEW

A motion to transfer a case to another federal forum, whether based on a valid forum selection clause or otherwise, is properly made pursuant to 28 U.S.C. § 1404(a). *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 581 (2013). Under that provision, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).

---

[2] Schwan's does not move to dismiss Count I, which is the first of two breach of contract claims. Mot. Dismiss 7.

*Atl. Marine* clarified that when construing an enforceable forum selection clause under § 1404(a), the default *forum non conveniens* analysis undertaken by courts is to be replaced with a more limited set of considerations in order to vindicate the parties' pre-selection of a forum. 134 S. Ct. at 581. Specifically, the U.S. Supreme Court held that: (1) a plaintiff's choice of forum should receive no weight, (2) private interests should receive no weight, and (3) when a plaintiff defies a forum selection clause by filing suit in a different forum, the latter forum's choice-of-law rules do not attach. *Id.* at 581-82.

The parties dispute whether the framework announced in *Atl. Marine* applies to permissive, and not just mandatory, forum selection clauses.[3] Opp'n 10. They also disagree as to whether the forum selection clause in the instant matter is mandatory or permissive. Reply 4-7. If Opera is correct that *Atl. Marine* applies only to mandatory forum selection clauses, and that Section 10.5 of the Licensing Agreement is permissive, traditional *forum non conveniens* considerations govern. In such a case, under § 1404(a), a court "must evaluate both the convenience of the parties and various public-interest considerations." *Atl. Marine*, 134 S. Ct. at 581. The Second Circuit has held that the factors to be considered, *inter alia*, are:

> (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties.

*N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010). Courts have also considered "(8) the forum's familiarity with the governing law, and (9) trial efficiency and the interest of justice, based on the totality of the circumstances." *Fellus v. Sterne, Agee & Leach, Inc.*, 783 F. Supp. 2d 612, 618 (S.D.N.Y. 2011); *see also Solar v. Annetts*, 707 F. Supp.

---

[3] The parties do not dispute the applicability of that portion of *Atl. Marine* holding that a motion to transfer to a federal forum must be made under 28 U.S.C. § 1404(a). Opp'n 10 n.6.

2d 437, 442 (S.D.N.Y. 2010). A moving party must demonstrate through "clear and convincing" evidence that the balance of these factors supports a transfer. *N.Y. Marine*, 599 F.3d at 113.

**DISCUSSION**

There is no need to decide whether the analysis announced in *Atl. Marine* is confined to mandatory forum selection clauses because the result under the traditional doctrine of *forum non conveniens* is the same. Dispositive is the following language from the forum selection clause: "Each Party hereby ... waives any objection (on the grounds of lack of jurisdiction, or *forum non conveniens* or otherwise) to the exercise of such jurisdiction over it by any such courts." The Court finds that the plain terms of this provision forbid Opera from objecting, on any grounds, to the transfer of this action to a federal or state court located in Delaware. *See Riverbend Cmty., LLC v. Green Stone Eng'g, LLC*, 55 A.3d 330, 334-35 (Del. 2012) (internal quotation marks omitted) ("When we interpret contracts, we give priority to the parties' intentions as reflected in the four corners of the agreement.... We interpret clear and unambiguous terms according to their ordinary meaning."). This reading does not require construing Section 10.5 as a mandatory forum selection clause because the waiver of Opera's ability to object becomes operative only upon Schwan's exercise of its option to move for a transfer to Delaware. In other words, under a permissive reading of the forum selection clause, if Schwan's had not moved under § 1404(a), venue would be appropriate in this District.

The voluntary assent of Opera to the aforementioned terms of Section 10.5 forecloses it from now arguing plausibly that its private interests militate against transfer to a court in the state of Delaware. In fact, Opera's complete waiver of its right to object to the transfer of this suit to Delaware is strong evidence of the contrary, despite what it now asserts. *Cf. Atl. Marine*, 134 S. Ct. at 582 ("When parties agree to a forum-selection clause, they waive the right to challenge the

4

preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation. A court accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum.").

Public interest factors also support transfer to Delaware. Per Section 10.5, all six of Opera's counts against Schwan's are governed by Delaware law. It is well-established that courts in a home forum are better suited to construe that forum's state law than courts in other fora. *Id.* at 581 n.6 ("Public-interest factors may include … the interest in having the trial of a diversity case in a forum that is at home with the law") (internal quotation marks omitted); *Scottish Air Int'l, Inc. v. British Caledonian Grp., PLC*, 81 F.3d 1224, 1232 (2d Cir. 1996) ("Public interest factors include … the appropriateness of holding the trial in a forum that is at home with the applicable law, rather than having a court … untangle problems in conflict of laws, and in law foreign to itself.") (internal quotation markets omitted).

Moreover, transfer to the federal district court in Delaware comports with justice. As "one of the world's premier centers of predictive analytics and machine learning science," Compl. ¶ 8, Opera is doubtless an experienced contracting party. Indeed, it is a party whose multistate citizenship includes Delaware, whereas movant Schwan's does not. *Id.* ¶¶ 4-5. The plain terms of Section 10.5 allow a defendant in an action arising under the Licensing Agreement that is filed someplace other than a Delaware court to move to transfer the action without objection. Under Delaware law, a court should strive to give effect to contractual terms previously negotiated by the parties to a dispute, not facilely undo them. *Norton v. K-Sea Transp. Partners L.P.*, 67 A.3d 354, 360 (Del. 2013) ("When interpreting contracts, we construe them as a whole and give effect to every provision if it is reasonably possible."). And as the U.S. Supreme Court has explained: "The enforcement of valid forum-selection clauses, bargained for

by the parties, protects their legitimate expectations and furthers vital interests of the justice system." *Atl. Marine*, 134 S. Ct. at 581 (internal quotation marks omitted). For these reasons, Schwan's must prevail in its Motion to Transfer.

## CONCLUSION

For the aforementioned reasons, Defendant's Motion to Transfer is GRANTED and its alternative Motion to Dismiss is DENIED without prejudice. This action is hereby transferred to the U.S. District Court for the District of Delaware under 28 U.S.C. § 1404(a). The Order of Reference to Magistrate Judge Kevin N. Fox is closed. The Clerk of Court is respectfully directed to terminate ECF No. 30.

**SO ORDERED.**

**Dated:** **March 25, 2015**
**New York, New York**

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**